DORÉ, Judge.
This is an action in tort by the subrogee of Charles H. Adams, Sr., for damages to the automobile of said Adams resulting from a collision of a train of New Orleans, Texas and Mexico Railroad Company with the Adams automobile on its track between Port Barre and Krotz Springs, in the Parish of St. Landry. The suit was originally filed against Guy A. Thompson, as Trustee in Bankruptcy of the Missouri-Pacific Railroad Company and subsequently by supplemental petition against him as Trustee in Bankruptcy of the New Orleans, Texas ana Mexico Railroad ’Company.
It was stipulated by counsel for the parties litigant that the train involved in the collision was one belonging to the New Orleans, Texas and Mexico Company and that Guy A. Thompson was the Trustee in Bankruptcy for the corporation.
It was further stipulated that the right-of-way and track and rolling stock involved in the collision was owned and under the supervision of Guy A. Thompson as Trustee of the said corporation.
The collision occurred at a road crossing over defendant’s tracks approximately five miles from Port Barre, between Port Barre and Krotz Springs, at approximately 3:00 o’clock p. m. on June 9, 1949. It is shown by the evidence that the crossing in question lies between a spillway levee on the north thereof and a spillway levee on the south thereof and that it is level with the base of said levees. Charles H. Adams, Sr. attempted to drive his automobile from the north levee across the track to the south levee. At the time of his attempted crossing, the levees were wet and slippery. He successfully drove his car over the north levee and over the crossing but as he attempted to climb the incline of. the south levee, his car began to skid and he thereupon placed his car in reverse with the idea of attaining a position wherein he could gain momentum in order to climb the south levee. As he *698 backed onto the railroad track his automobile became lodged in defendant’s railroad bed in such a position that he could go neither forward nor backward. Adams thereupon alighted from his car and walked up the track in order to warn any possible approaching train of his precarious position. At the time that his car 'became lodged in the railroad bed there was no train in sight, but shortly after alighting from his car he saw a train approaching and very diligently tried to warn the operator of said train by waving his hat. It .is alleged that the trainmen failed to heed said warning and failed to apply the brakes of said defendant’s train before it had reached the distance of less than two hundred feet from the vehicle at which time it was too late to arrest the motion of said train in time to avoid striking the vehicle.
Plaintiff alleges that the sole and proximate cause of the collision was the gross negligence of the operators of defendant’s train, particularly in allowing the road crossing over its track to remain in a dangerous condition; in failing to keep a proper lookout at all times; in failing to keep the train under proper control at all times; in failing to heed the warnings and signals to stop given by Charles H. Adams, Sr. and failing to apply the train brakes in time to avoid smashing into the Adams’ automobile. In the alternative, the plaintiff further alleges that the operators of defendant’s train had the last clear chance of avoiding the accident.
The defense is to the effect that the operators of defendant’s train prior to the collision and at the time of the collision were operating the train in a normal manner and were keeping a careful lookout; that the brakes on the train were applied as soon as t'he Adams’ automobile was seen but that in spite of making an exceptionally good stop, the collision could not be avoided; that the proximate cause of the collision was the gross negligence of Adams in driving his automobile on this crossing when he well knew that it was wet and slippery. In the alternative, the defendant specially pleads contributory negligence on the part of Adams.
After trial of the case the District Court rendered judgment in favor of the defendant dismissing the demand of the plaintiff. The plaintiff has appealed.
The trial judge based his judgment on findings of fact as follows:
First. That the evidence failed to show directly or even by inference that the crossing whereon the accident occurred was maintained either by the state or parish authorities or was maintained by the railroad in such a way that it contributed to the accident, and
Second. That the evidence failed to show any negligence on the part of the operators of the train.
We can find no manifest error in these findings of fact by the trial judge. It appears from the evidence that these two levees were used by fishermen and were maintained by them as a private enterprise. The crossing was permitted by the railroad company merely by sufferance and we fail to find from the evidence that there was any duty on the part of the railroad company or by state or parish authorities to maintain this crossing. The two levees were built by the Federal Government in connection with the spillway project and they were not intended to be used as a highway. Under those circumstances, it appears to us that the fishermen using these levees to travel and using the' crossing do so at their own risk.
Moreover, according to the testimony of Mr. Adams, he was fully cognizant of the condition of this crossing, since he states that he used it on an average of at least once a week. It would seem therefore that he was at least guilty of contributory negligence in attempting to' negotiate this crossing when it was wet and slippery.
In so far as the last clear chance doctrine is concerned, the preponderance of the evidence is to the effect that the operators of the train saw the bogged automobile even prior to the warning given by Mr. Adams and that at that time the brakes on the train were applied and a diligent effort was made to avoid the collision. In *699 other words, the operators of the defendant’s train did every thing they could in the face of an emergency created by plaintiff’s subrogor and therefore the defendant cannot be held liable under the doctrine ■of last clear chance.
Finding no manifest error in the findings •of fact of the trial judge, the judgment appealed from is affirmed.